54

### George H. FOWLER, Esq., Plaintiff–Appellant,

v.

### AMERICAN LAWYER MEDIA, INC., New York Law Journal, Ruth Hochberger, Editor–in–Chief, and Neil Torczyner, Defendants–Appellees.

### Docket No. 02–7131.

United States Court of Appeals, Second Circuit.

Sept. 20, 2002.

George H. Fowler, Esq., New York, NY, for Appellant.

Lorin L. Reisner, Debevoise & Plimpton (Jeremy Feigelson, on the brief), New York, NY, for Appellees.

Present JOHN M. WALKER, JR., Chief Judge, JON O. NEWMAN, and FRED I. PARKER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant George Fowler appeals from the January 28, 2002 judgment of the district court dismissing his defamation action brought against defendants-appellants American Lawyer Media, Inc., New York Law Journal, Ruth Hochberger, and Neil Torczyner for lack of subject matter jurisdiction. Prior to filing his complaint in district court, Fowler had litigated the same claims in state court. The state trial court had granted defendants summary judgment on the ground that Fowler had failed to establish libel. This decision was affirmed by the Appellate Division, *Fowler v. American Lawyer Media, Inc.*, 282 A.D.2d 340, 724 N.Y.S.2d 40 (App.Div.2001), and leave to appeal to the Court of Appeals was denied, *Fowler v. American Lawyer Media, Inc.*, 96 N.Y.2d 716, 730 N.Y.S.2d 31, 754 N.E.2d 1114 (N.Y.2001).

Appellant argues that his complaint alleged a constitutional claim, thus creating federal subject matter jurisdiction, because defendants' defamatory statements "were published ... with actual malice in violation of the First Amendment." Speech, however, cannot violate the First Amendment rights of another individual. Rather, the relevance of the First Amendment to a defamation action is that the First Amendment protects certain defamatory speech and thus may provide a defendant with a defense to liability. *See generally New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Because appellant has failed to state a constitutional claim and has alleged no other basis for federal jurisdiction, the district court properly dismissed his state law claim for lack of jurisdiction.

Appellees argue that there are two additional grounds for dismissing Fowler's complaint: 1) the claims, which were fully litigated in state court, were barred by *res judicata;* and 2) Fowler's complaint was

filed after New York's one-year statute of limitations for defamation actions had run, and thus was untimely. Like the district court, we need not reach these issues because the complaint was subject to dismissal on the antecedent ground of lack of subject matter jurisdiction.

Accordingly, for substantially the reasons stated in the district court's Partial Adoption of Report and Recommendation, dated January 17, 2002, the judgment of the district court is hereby **AFFIRMED.**